

DEC 16 2008

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**EVERETTE LIPFORD,**

    Petitioner,

v.                                                                                                         Civil No. **3:08CV162**

**DOUGLAS VAUGHN,**

    Respondent.

## MEMORANDUM OPINION

Everette Lipford ("Petitioner"), a Virginia prisoner proceeding *pro se*, has submitted a habeas petition pursuant to 28 U.S.C. § 2254. Respondent has filed a motion to dismiss on the grounds that the petition is time-barred. Petitioner has responded. Petitioner has also filed a request for entry of default.

### I. PROCEDURAL HISTORY

On September 21, 2005, in the Circuit Court of the City of Hopewell ("the Circuit Court"), Petitioner pleaded guilty to grand larceny and attempted robbery. On the same day, the Circuit Court sentenced Petitioner to a thirty-year term of incarceration, with twenty-seven years suspended. Petitioner did not appeal. On November 8, 2006, Petitioner filed a habeas petition in the Supreme Court of Virginia. The state habeas petition was dismissed on June 5, 2007.

On February 5, 2008, Petitioner executed this federal habeas petition, and presumably placed it in the prison mailing system the same day.[1]

---

[1] For statute of limitations purposes, this petition is considered filed on that date. *Houston v. Lack*, 487 U.S. 266, 270 (1988).

## II. STATUTE OF LIMITATIONS FOR 28 U.S.C. § 2254 PETITIONS

A one year statute of limitations applies to 28 U.S.C. § 2254 motions. 28 U.S.C. § 2244(d). The limitations period runs from the latest of:

> (1) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such State action;
>
> (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

## III. TIMELINESS OF PETITIONER'S FEDERAL HABEAS PETITION

Petitioner was convicted and sentenced on September 21, 2005. Respondent correctly argues that Petitioner's conviction became final for the purposes of 28 U.S.C. § 2244(d)(1) on October 21, 2005, the date on which the time for filing an appeal expired. *See* Va. Sup. Ct. R. 5:A6 (allowing thirty days to appeal a decision of a trial court). Petitioner had one year from that date, or until October 21, 2006, to file his federal habeas petition.[2] Petitioner failed to file his federal petition before that date. Thus, this federal habeas petition is time-barred unless

---

[2] While a properly filed petition for state post-conviction relief tolls the statute of limitations, *see* 28 U.S.C. § 2244(d)(2), the limitations period already had expired when Petitioner filed his state habeas application on November 8, 2006.

2

Petitioner is entitled to a belated commencement or tolling of the limitations period.

Petitioner does not argue, nor does that record suggest, that he is entitled to a belated commencement of the statute of limitations. Petitioner also fails to argue that any "extraordinary circumstances" warrant equitable tolling, and the record does not reveal any. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Instead, Petitioner argues that respondent has waived the limitations defense because respondent did not comply with the Court's Memorandum Order of May 20, 2008, which required a response to the habeas petition within thirty days.[3]

Respondent timely filed with the Court an answer, along with the pending motion to dismiss, on June 20, 2008. On August 13, 2008, Petitioner filed a motion for entry of default alleging that Respondent had not filed a response.[4] On August 15, 2008, the Court received a letter from counsel for Respondent indicating that Petitioner's copies of the relevant documents had inadvertently been mailed to a facility at which Petitioner was no longer incarcerated, and that the documents had not been returned as undeliverable. Counsel had accordingly mailed to Petitioner copies of the appropriate documents on August 13, 2008. On August 18, 2008, Petitioner placed his response to the motion to dismiss in the mail. Petitioner does not argue that he has been prejudiced in any way. Moreover, Petitioner cites to no authority for the extraordinary proposition that Respondent's actions amount to waiver, and research reveals none.

---

[3] Petitioner also incorrectly argues, without citation to authority, that the relevant statute of limitations does not apply unless a state court expressly states or enforces a time bar.

[4] Habeas petitioners should not receive default judgment under normal circumstances. See *United States v. Dill*, 555 F. Supp. 2d 514, 521 (E.D. Pa. 2008) (*quoting Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir. 1984) (reasoning that "were district courts to enter default judgments without reaching the merits of the claim, it would be not the defaulting party but the public at large that would be made to suffer"); *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970). Accordingly, Petitioner's motion for entry of default (Docket No. 14) will be DENIED.

The petition for writ of habeas corpus is barred by the statute of limitations. Respondent's motion to dismiss (Docket No. 10) will be GRANTED. The petition will be DENIED, and Petitioner's claims will be DISMISSED. The action will be DISMISSED.

An appropriate Order shall enter.

/s/
Richard L. Williams
United States District Judge

Date: DEC 1 6 2008
Richmond, Virginia

4